(March 20, 1918.)

NETTIE L. SHAW, Respondent, v. CITY OF NAMPA, a Municipal Corporation, Appellant.

[171 Pac. 1132.]

EVIDENCE—PRIVILEGED COMMUNICATION—CONFLICTING EVIDENCE—EXCESSIVE DAMAGES.

1. Where a physician is employed to take an X-ray picture of a fractured arm, and helps to interpret the picture and advises with the patient's regular physician as to the treatment, such physician should not be allowed to testify as to facts learned by him during such employment, if the patient claims the privilege granted by Rev. Codes, sec. 5958, par. 4.

2. Where the evidence is conflicting and there is substantial evidence to support the verdict, the judgment will not be disturbed.

3. Where a lady sixty-one years of age received a fracture of the arm and other injuries of a minor nature, which fracture resulted in a permanent stiffness of the arm and kept her from work

On excessiveness of verdicts in actions for personal injuries other than death, see note in **L. R. A.** 1915F, 30.

for about five months, during which time she suffered severe pain, $2,000 damages is not excessive.

[As to confidential and privileged communications in case of a medical witness, see notes in 33 Am. Rep. 435; Ann. Cas. 1916A, 403.]

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action for damages for personal injuries. Judgment for plaintiff. *Affirmed.*

Wm. P. O'Connor and Jackson & Walters, for Appellant.

It would be a clear abuse of the privilege rule to permit the respondent and her witness, Dr. Farrer, to go upon the stand and tell all that they wished about the fracture and the alleged condition of the respondent's arm, and then by invoking the privilege rule, draw a veil of secrecy over the mouth of the photographer. There was no communication, no consultation, no treatment, and respondent could not legally claim the benefit of the privilege rule. (4 Wigmore on Evidence, p. 3354, sec. 2383 (b); *James v. State,* 124 Wis. 130, 102 N. W. 320; 40 Cyc. 2382 (b), 2384 (c), (v).)

The doctor occupied the position of a third person who overhears the communication or who stands by and acquires knowledge of the facts and circumstances of the matter at issue. Such third person is always a competent witness. (4 Wigmore on Evidence, p. 3353, secs. 2381, 2382; *Smoot v. Kansas City,* 194 Mo. 513, 92 S. W. 363.)

In view of the age of the respondent at the time of the injury, the verdict was excessive and so disproportionate to the injury sustained as to evince passion or prejudice on the part of the jury. (*Poreba v. Illinois Midland Coal Co.,* 156 Ill. App. 140; *Vilicki v. New York Transp. Co.,* 65 Misc. Rep. 43, 119 N. Y. Supp. 220; *Hase v. City of Seattle,* 57 Wash. 230, 107 Pac. 515; *Heath v. Seattle Taxicab Co.,* 73 Wash. 177, 131 Pac. 843; *McCabe v. City of Butte,* 46 Mont. 65, 125 Pac. 133; *Barter v. Stewart Mining Co.,* 24 Ida. 540, 135 Pac. 68; *Beaton v. City of St. Maries,* 27 Ida. 638, 151 Pac. 996.)

Thos. E. Buckner and W. C. Bicknell, for Respondent.

The testimony of respondent shows the injury to the arm and bruises on other limbs; also pain and suffering and other damages. The amount of damages was then a question for the jury. (*Horn v. Boise City Canal Co.,* 7 Ida. 640, 65 Pac. 145; *Tarr v. Oregon Short Line R. Co.,* 14 Ida. 192, 125 Am. St. 151, 93 Pac. 957.)

A much larger verdict and judgment under the facts in this case would have been sustained. (*Keim v. Gilmore & P. R. Co.,* 23 Ida. 511, 131 Pac. 656; *Johnson v. St. Paul City Ry. Co.,* 67 Minn. 260, 69 N. W. 900, 36 L. R. A. 586.)

As to the question of allowing Dr. Cole to testify to information acquired by him in taking X-ray photographs of the injured arm and shoulder, we cite *Jones v. City of Caldwell,* 23 Ida. 467, 130 Pac. 995.

This was prescribing for the patient within the meaning of sec. 5958, subd. 4, Rev. Codes. To hold that information thus acquired is not privileged under this statute would be to put a construction on it that would rob it of its true spirit, intent and purpose.

DAVIS, District Judge.—This action was instituted to recover damages for personal injuries received by the respondent. It appears from the evidence that while walking along a certain sidewalk with her daughter, the respondent fell over a loose board, thereby breaking her arm and bruising her body. The jury returned a verdict in her favor, assessing damages in the sum of $2,000. Judgment was entered, from which this appeal is taken.

Several errors are specified in the admission and rejection of evidence, all of which have been examined and are held to be without merit. The only one we deem necessary to discuss is that which deals with the subject of privileged communication.

When the respondent was injured, she employed Dr. Kellogg as her physician. He immediately took her to Caldwell, where he employed Dr. Cole to take an X-ray picture of the

broken arm.    After the picture was taken and developed, Dr. Cole consulted with Dr. Kellogg relative to the interpretation of the picture and the treatment to be administered. Counsel for the respondent objected to Dr. Cole testifying as to any facts learned while he was thus employed, which objection was properly sustained.    It appears from the evidence that Dr. Cole did more than perform mere mechanical work as a photographer, and that he used his knowledge and experience as a physician in interpreting the meaning of the picture and advised with Dr. Kellogg as to what treatment should be given, the respondent paying Dr. Cole for his services.    The trial court was justified in excluding such evidence as privileged communication, under Rev. Codes, sec. 5958, par. 4.

The appellant assigns, as grounds for the reversal of the judgment, that the evidence is insufficient to sustain the verdict.    On this point it is contended by appellant that there was no evidence that it had direct information of any defect in the sidewalk, and that, on the contrary, the evidence showed that it did its full duty in inspecting and caring for such walk, and that no facts were shown to have existed from which it might be held that it had constructive notice that the sidewalk was so defective as to be dangerous.    Appellant further contends that whatever weakness may have been shown to have existed in the sidewalk was a latent defect that it did not know of and could not have learned of by the exercise of reasonable care, and that therefore it is not liable for the injury resulting to respondent from such latent defect.    There was evidence in the record from which the jury might have believed that another accident of a similar nature occurred near the same place a short time before respondent was injured; that the general reputation of the walk among the people residing in the part of town where it was located was that it was defective and bad; that at various other times boards and sections had been loose on the walk near the place where she was injured; that water frequently flowed under the walk and came up through the cracks between the boards

when people walked upon it; that the walk was shaky and gave to the step of pedestrians, as if the sleepers were rotten; that the boards were decayed around the nails; that it was a wooden walk over nine years old; that it was a very poor walk; that the officers of the city had repaired it before and knew of its weakened condition from use, age and decay, and that the injury complained of was due to the giving way of the material that held the nail or nails, by which the board was originally secured, when respondent and her daughter were passing along the walk in the usual and proper way. While there is evidence tending to contradict much of the above, the vital point for this court to determine is whether or not there is such substantial evidence in the record as to justify the jury in considering the facts as constructive notice to appellant that the walk was weak and defective and needed repairs, in order to make it reasonably safe for persons who walked over. This court is of the opinion that there was sufficient evidence to submit to the jury, and that the verdict should not be disturbed.

The appellant also assigns as error that excessive damages were awarded to the respondent under the influence of passion and prejudice. It appears that respondent was sixty-one years of age when injured; that her arm was broken near the shoulder, that she was bruised and hurt on the hip and body, which pained her severely for several weeks. She was not able to work for about five months, three months of which time she was under the doctor's care. Her arm was still stiff at the time of the trial and could not be used freely, and there was substantial evidence to show that such injury was permanent. It therefore cannot be said that the damages were so excessive as to justify this court in reversing or modifying the judgment.

The judgment is affirmed, with costs to respondent.

Budge, C. J., and Morgan, J., concur.